# United States District Court
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **J&J SPORTS PRODUCTIONS, INC.,** | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No.: 4:18-cv-00298 |
| **PASTOR A. RIVERA d/b/a RIVERA'S RESTAURANT AND BAKERY d/b/a RIVERA'S SALVA TEX MEX,** | § § § § § | |
| Defendant. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, the matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On March 15, 2019, the report of the Magistrate Judge (the "Report") (Dkt. #14) was entered, containing proposed findings of fact and recommendations that Plaintiff J&J Sports Productions Inc.'s ("Plaintiff" or "J&J Sports") Motion for Default Judgment (the "Motion") (Dkt. #6) against Defendant Pastor A. Rivera d/b/a Rivera's Restaurant and Bakery and Rivera's Salva Tex Mex ("Defendant") be granted. *See id*.

Having received the Report of the United States Magistrate Judge, and no objections thereto having been timely filed, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.

## I. BACKGROUND

This lawsuit seeks damages pursuant to 47 U.S.C. § 605 ("Section 605"), for the unlawful receipt of communications through the air via radio, including satellite communications. Plaintiff J&J Sports established that Defendant displayed an unauthorized transmission of the May 2, 2015, Floyd Mayweather, Jr., versus Manny Pacquiao Championship Fight program, including undercard and/or preliminary bouts, at Defendant's restaurant (the "Fight"). *See* Dkt. #6-1 at 7. Defendant could not have broadcast the Fight without making an intentional effort to intercept the satellite transmission, and obtained no sub-license to intercept the transmission legally. *See id*. In displaying the Fight at Defendant's restaurant, Defendant charged a cover charge for entry, sold food and drinks, and filled the restaurant beyond its capacity. *See* Dkt. #6-1 at 8, 21–22.

## II. DISCUSSION

This lawsuit seeks statutory damages, damages for willful violation of Section 605(e)(3)(C)(ii), attorney's fees, court costs, and injunctive relief. More than twenty-one days have expired since Defendant was served, and Defendant has not entered an appearance and has not filed any pleadings in this case. On August 30, 2018, Plaintiff filed a request for Clerk's Entry of Default (Dkt. #8), which was entered on August 30, 2018 (Dkt. #9). Additionally, Plaintiff mailed Defendant, by certified mail, a copy of: (1) J&J Sports' request for entry of default judgment; (2) the proposed entry of default; (3) J&J Sports' Motion for Default Judgment and Brief in Support; (4) J&J Sports' appendix to the Motion; (5) the proposed final default judgment; and (6) the Magistrate Judge's Report and Recommendation. *See* Dkt. #13-1 at 2; Dkt. #15. Accordingly, the procedural requirements of Rule 55 have been satisfied such that the Court may properly enter default.

The record establishes that J&J Sports is the exclusive license company authorized to sub-license the closed-circuit telecast of the Fight, and only establishments that contracted with J&J Sports received either the electronic decoding capability and/or satellite coordinates to properly receive the signal for the Fight. *See* Dkt. #2 at 2. J&J Sports established that Defendant received no such coordinates or electronic decoding equipment. *See id*. However, the record establishes that Defendant displayed the Fight, including preliminary and undercard bouts, without authorization. *See* Dkt. #2 at 2–3.

The record also establishes that Defendant broadcast the Fight at his restaurant, located at 1321 North Tennessee Street, Suite 100, McKinney, Texas 75069 (the "Establishment"). *See* Dkt. #2 at 1. The Establishment has a capacity of approximately seventy people, however, on the night of the Fight, between ninety-eight and one hundred and three patrons watched the Fight at the Establishment. *See* Dkt. #6-1 at 22. During the broadcast of the Fight, every table in the Establishment was full, Defendant charged patrons a cover charge of ten dollars per person, Defendant sold food and drinks, and Defendant broadcast the Event on two "big-screen" televisions, each approximately fifty inches across. *See* Dkt. #6-1 at 8, 21–22. Therefore, the record establishes that Defendant violated Section 605 willfully. Accordingly, Plaintiff is entitled to statutory damages of $10,000.00. Moreover, because the Court finds Plaintiff has established Defendant acted willfully, the Court finds Plaintiff is entitled to damages under § 605(e)(3)(C)(ii) of $50,000.00.

The record establishes Plaintiff is entitled to attorneys' fees. *See* 47 U.S.C.A. § 605(e)(3)(B)(iii). The Court finds that recovery of one-third of the total damages recovered reasonable. *See J&J Sports Prods., Inc. v. Chance Club Corp.*, 2011 WL 2909885, at *3 (N.D. Tex. July 20, 2011). Accordingly, Plaintiff is entitled to recover $20,000.00 in attorneys' fees. The

3

Court is satisfied that the hours expended and the fees charged were reasonable for such services in a lawsuit of this nature in the Eastern District of Texas. Plaintiff is also entitled to post judgment interest and costs. *See* 28 U.S.C. § 1961.

The record establishes Plaintiff is entitled to injunctive relief pursuant to 47 U.S.C.A. § 605(e)(3)(B)(i). Based on the record, it is appropriate to enjoin Defendant from future unlawful interceptions of J&J Sports' satellite transmissions.

Finally, the record establishes that Plaintiff made multiple attempts to contact Defendant regarding these proceedings (*see, e.g.*, Dkts, #4, #11, #13) and also served Defendant with a copy of the Report recommending entry of default judgment (*see* Dkt. #15). Defendant has not entered an appearance in this action, nor timely filed written objections to the Report.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment (Dkt. #6) against Defendant Pastor A. Rivera is **GRANTED** as follows:

Defendant is hereby **ENJOINED** from intercepting the transmission of any closed-circuit program with respect to which J&J Sports possesses the rights to sublicense and exhibit, absent prior authorization from J&J Sports.

Additionally, the Court finds J&J Sports is entitled to the following damage award: $10,000.00 in statutory damages; $50,000.00 in additional damages for willful violations of Section 605; and $20,000.00 in attorneys' fees. J&J Sports is also entitled to statutory post-judgment interest and costs. *See* 28 U.S.C. § 1961.

**IT IS SO ORDERED**.
**SIGNED this 10th day of April, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE